NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SCOTT M. JOHNSTON, et al., | : | CIVIL ACTION NO. 14-3685 (MLC) |
| | : | |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| DAVIS DRIVE PARTNERS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE PLAINTIFFS** — (1) Scott M. Johnston ("Johnston") and (2) an entity listed in the caption as Entrust Administration, Inc. FBO Scott M. Johnston, IRA 35890 ("Entity Plaintiff") — brought this action on June 9, 2014 to recover damages for, inter alia, breach of contract against the following defendants: (1) David Drive Partners, LLC ("DDLLC"); (2) CDE Hotel Properties, LLC ("CHPLLC"); (3) Grandview Partners, LLC ("GPLLC"); (4) Landcore Commercial Real Estate, LLC ("LCLLC"); (5) CDE Development Group, LLC "CDGLLC"); (6) Clark D. East; and (7) Blaine East. (See dkt. entry no. 4, Am. Compl.)  The plaintiffs assert subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) ("Section 1332(a)(1)").  (See Am. Compl. at 2.)

**THE COURT** intends to dismiss the Amended Complaint without prejudice.  The plaintiffs' allegations concerning the citizenship of each party are deficient.  See Fed.R.Civ.P. 12(h)(3) (instructing district court to dismiss complaint if subject-matter jurisdiction is lacking).

**THE PLAINTIFFS** fail to allege the citizenship of Johnston, Clark D. East, and Blaine East. They merely allege that: (1) Johnston "is an individual residing [in] California"; (2) Clark D. East "is, upon information and belief, an individual residing [in] Florida," and "the managing member of [CHPLLC]; and . . . a member of, the Chairman of and the Chief Executive Officer of [CDGLLC]"; and (3) Blaine East "is, upon information and belief, an individual residing [in] North Carolina", and "a managing member of [DDLLC]; and . . . a member, and the Chief Executive Officer, of [LCLLC]". (Am. Compl. at 3-5.) See McNair v. Synapse Grp., 672 F.3d 213, 219 n.4 (3d Cir. 2012) (stating allegation as to mere residency is "jurisdictionally inadequate" in action brought under Section 1332(a)(1)); see also O'Brien v. Nowicki, 490 Fed.Appx. 506, 508 n.2 (3d Cir.) (stating "[o]f course, citizenship and residency are not synonymous"), cert. denied, 133 S.Ct. 2376 (2013).

**THE PLAINTIFFS' ALLEGATIONS** as to the identity of the Entity Plaintiff are convoluted, thereby preventing the Court from investigating the citizenship of the Entity Plaintiff. The Court is uncertain whether the name of the Entity Plaintiff is: (1) Entrust Administration, Inc.; (2) Entrust Administration, Inc. FBO Scott M. Johnston, IRA 35890; (3) Entrust Group Administration, Inc.; or (4) Entrust Group Administration, Inc. FBO Scott M. Johnston, IRA 35890. (See Am. Compl. at 1-3.)

**THE PLAINTIFFS** fail to allege the respective citizenship of DDLLC, CHPLLC, GPLLC, LCLLC, and CDGLLC. The plaintiffs allege, without more, that each of those

2

defendants "is, upon information and belief, a limited liability company duly organized under the laws of [a particular state], with an office located [in a particular state]". (Am. Compl. at 3-4.) But limited liability companies are unincorporated associations that are deemed to be citizens of the states in which all of their members are citizens, not the states in which they (1) were formed, and (2) have their principal places of business. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010); cf. 28 U.S.C. § 1332(c)(1) (concerning corporations). The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship. Id. at 420. The name and citizenship of each member must be specifically alleged. See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly").

**IT ALSO APPEARS** that the plaintiffs are members of CHPLLC. (See dkt. entry no. 4-2 at ECF pp.23-24, CHPLLC Operating Agreement at 22-23 (listing plaintiffs as members); dkt. entry no. 4-2 at ECF p.30, Personal Guaranty at 1 (same).) This is not jurisdictionally permissible. See Techstar Inv. P'ship v. Lawson, No. 94-6279, 1995 WL 739701, at *3 (E.D. Pa. Dec. 8, 1995) (stating there is common citizenship on both sides of action when unincorporated entity and member of that entity are adversaries); see also DPCC, Inc. v. Cedar Fair, L.P., 21 F.Supp.2d 488, 490 (E.D. Pa. 1998) (granting motion to remand where unincorporated entity and member of that entity are adversaries); Nomura Asset Capital v. Overland Co., No. 02-1604, 2003 WL 138093, at *2-3 (D. Del.

Jan. 8, 2003) (same).  When a member of an unincorporated entity brings an action against that unincorporated entity, "the doors of the federal courts" are "effectively close[d]" to that action.  Bankston v. Burch, 27 F.3d 164, 168-69 (5th Cir. 1994).  CHPLLC cannot be terminated from the action; it is a required party.  See Fed.R.Civ.P. 19(a)(1).

**THE COURT** also notes that this action should have been brought in a different venue.  (See dkt. entry no. 4-1 at ECF p.5, Promissory Note at 3 (stating agreement at issue is governed by North Carolina law); dkt. entry no. 4-1 at ECF p.8, Pledge & Escrow Agreement at 3-5 (same); dkt. entry no. 4-1 at ECF p.14, Guaranty at 2 (same); see also dkt. entry no. 4-2 at ECF p.21, CHPLLC Operating Agreement at 20 (stating agreement at issue is governed by Florida law); dkt. entry no. 4-2 at ECF p.28, Pledge & Escrow Agreement at 4 (same); dkt. entry no. 4-2 at ECF p.31, Personal Guaranty at 2 (same); dkt. entry no. 4-3 at ECF p.6, Pledge Agreement at 3 (same).)  See 28 U.S.C. § 1404(a); Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**THE PLAINTIFFS** have failed to show that complete diversity of citizenship exists here.  See Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring complete diversity between each plaintiff and each defendant).  Thus, the Court will dismiss the Amended Complaint, but will do so without prejudice to the plaintiffs to exercise one of three options within thirty days.  The plaintiffs may recommence the action in New Jersey state court, as the limitations period for the cause of action is tolled by the filing of a

federal complaint. See Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., 82 N.J. 188, 191-95 (1980).

**OR THE PLAINTIFFS** may move in accordance with both the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in this federal court, with supporting documentation:

(1) demonstrating which state Johnston was a citizen of **specifically** on June 9, 2014;

(2) demonstrating which state Clark D. East was a citizen of **specifically** on June 9, 2014;

(3) demonstrating which state Blaine East was a citizen of **specifically** on June 9, 2014;

(4) listing each member — including each non-managing and non-individual member — within DDLLC on June 9, 2014, and analyzing the citizenship of each member within DDLLC as it existed **specifically** on June 9, 2014;

(5) listing each member — including each non-managing and non-individual member — within CHPLLC on June 9, 2014, and analyzing the citizenship of each member within CHPLLC as it existed **specifically** on June 9, 2014;

(6) listing each member — including each non-managing and non-individual member — within GPLLC on June 9, 2014, and analyzing the citizenship of each member within GPLLC as it existed **specifically** on June 9, 2014;

(7) listing each member — including each non-managing and non-individual member — within LCLLC on June 9, 2014, and analyzing the citizenship of each member within LCLLC as it existed **specifically** on June 9, 2014;

(8) listing each member — including each non-managing and non-individual member — within CDGLLC on June 9, 2014, and analyzing the citizenship of each member within CDGLLC as it existed **specifically** on June 9, 2014;

(9) properly identifying the Entity Plaintiff, and analyzing its citizenship as it existed **specifically** on June 9, 2014;

(10) addressing the apparent jurisdictional bar to this action in federal court; and

(11) demonstrating that there is jurisdiction here under Section 1332(a)(1).

**OR THE PLAINTIFFS** may recommence the action in a proper court in an appropriate venue elsewhere.

**IF THE PLAINTIFFS** opt to move to reopen in this federal court, then they will do so at their own peril. The Court will not further extend the thirty-day period to proceed in another court. The plaintiffs are also advised that jurisdiction is measured "against the state of facts that existed at the time of filing", and thus they must explicitly allege citizenship as it existed on June 9, 2014. Grupo Dataflux v. Atlas Global Grp., 541 U.S. 567, 571 (2004).

**THE COURT** cautions the plaintiffs — if they opt to move to reopen — against restating the allegations from the Amended Complaint.  Definitive responses concerning citizenship or domicile are required.  Responses concerning residence, licensure, or place of business will not properly invoke subject-matter jurisdiction.  See McCracken v. ConocoPhillips Co., 335 Fed.Appx. 161, 162-63 (3d Cir. 2009); Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008).  Responses that are based upon information and belief, assertions that are not specific (e.g., citizen of "a state other than California"), or requests for time to discern jurisdiction will be rejected.  See Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties"); see also S. Freedman & Co., 180 Fed.Appx. at 317-20 (noting district court, in sua sponte jurisdiction inquiry, provided party only seven days to respond).

**AS THE PLAINTIFFS** are represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity".  CGB Occupational Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004).  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
        **MARY L. COOPER**
        United States District Judge

Dated: June 16, 2014